EUSTIS v. EUSTIS et al.

(Circuit Court of Appeals, Fifth Circuit. November 2, 1916.)

No. 2938.

1. HUSBAND AND WIFE ⬳265—COMMUNITY RIGHTS—CONVEYANCES BY HUSBAND.

Where a donation by a husband to his nephew trenched upon or was in fraud of the inchoate rights of his wife, it is voidable under the laws of Louisiana, and subject to be reduced, or wholly set aside, as justice to the widow may require.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 917–924; Dec. Dig. ⬳265.]

2. HUSBAND AND WIFE ⬳246—COMMUNITY ESTATE—WHAT LAW GOVERNS.

Where stock in an Alabama corporation constituted part of the community estate of a husband and wife residing in Louisiana, a donation of the stock by the husband in fraud of his wife's community rights will, under general principles of equity, be voidable in Alabama.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 878; Dec. Dig. ⬳246.]

3. HUSBAND AND WIFE ⬳273(12)—COMMUNITY ESTATE—RIGHTS OF WIFE.

Civ. Code La. art. 2404, declares that the husband is the master of the partnership or community, entitled to collect the revenues and alienate them by onerous title without the consent and permission of the wife, but not to alienate the immovables of the community, by conveyance inter vivos, by gratuitous title, nor the whole nor a quota of the movables, unless it be for the establishment of the children of the marriage, but that the husband may dispose of the movable effects by a gratuitous and particular title, to the benefit of any person, and if it should be proven that he has sold the common property, or disposed of it by fraud to injure his wife, she may have her action against the heirs of the husband in support of her claim in one-half of the property. A wife contended that her husband's conveyance of corporate stock was in fraud of her community rights, but it did not appear that the donation exceeded the interest of the husband in the community at the time of the conveyance, or at the time of his death. *Held*, that the wife cannot, without first having established her claim against the heirs of the husband, attack the donation.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1024; Dec. Dig. ⬳273(12).]

Appeal from the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Bill by Mrs. Ada M. Eustis against George Eustis and another. From a decree dismissing the bill, complainant appeals. Affirmed.

Chas. Payne Fenner and Louis P. Bryant, both of New Orleans, La., for appellant.

Augustus Benners, of Birmingham, Ala., and Henry P. Dart and William Kernan Dart, both of New Orleans, La., for appellees.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

PER CURIAM. [1] If the donation of John G. Eustis to his nephew, George Eustis, trenched upon, or was in fraud of, the inchoate community rights of his wife, it is voidable under the laws of Louisiana,

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and subject to be reduced, or wholly set aside, as justice to the widow in community shall require.

[2] If the donation consisted of property in whole or in part belonging to the community, was without the wife's consent, and operated to deprive her of (her full community rights upon the death of John G. Eustis in 1912, then the said donation on general equity principles is also voidable in Alabama.

[3] From the evidence in this case, it does not sufficiently appear that the donation in question exceeded the interest of John G. Eustis in the community existing between him and his wife, either in 1905 or 1912. In this connection, article 2404, Louisiana C. C., is pertinent. It provides as follows:

"The husband is the head and master of the partnership or community; * * * he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.

"He can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, nor of the whole, nor of a quota of the movables, unless it be for the establishment of the children of the marriage.

"Nevertheless he may dispose of the movable effects by a gratuitous and particular title, to the benefit of all persons.

"But if it should be proved that the husband has sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs of her husband, in support of her claim in one-half of the property, on her satisfactorily proving the fraud."

The case shows no adjudication between Mrs. Eustis and her husband's heirs, settling her community rights, but rather that she and the heir have apparently made common cause against the donee. We are of opinion that, before Mrs. Eustis can attack the donation of 1905, she must first judicially establish her community rights against the heirs of her husband and exhaust her remedies against them.

The decree of the District Court dismissing the suit was proper under the evidence, and should be affirmed; and it is so ordered.